No. 3977

Second Circuit
(Second Division)

——

WINN, JR., v. VEAL-WINN CO., RECEIVER

——

(May 7, 1931. Opinion and Decree.)

——

Breazeale & Hughes, of Natchitoches, attorneys for plaintiff, appellee.

Rusca & Cunningham, of Natchitoches, attorneys for defendant, appellant.

STEPHENS, J. This is a suit to cause the judicial determination of the amount due plaintiff by the receiver of the Veal-Winn Company, Ltd., for services rendered as clerk and bookkeeper for said company prior to the receivership; and for recognition of plaintiff's privilege on the goods in the store of the Veal-Winn Company, Ltd., at the time the receiver was appointed.

The defendant filed an exception to the citation, and then an answer, coupled with an exception of no cause or right of action. The answer sets up that the plaintiff agreed that if the receiver would retain him as an employee at $75 per month he would waive the privilege granted him by law for any sum due him in excess of $300 and that the receiver retained him as employee of the receivership at said salary pursuant to said agreement.

Judgment was rendered by the trial judge fixing the amount due plaintiff at $838.95, and recognizing his privilege and preference to the full extent of said sum.

The receiver appeals.

The counsel for the defendant contend that the exception to the citation was overruled by the trial judge, but we are governed by the record and it does not disclose that fact. The minutes of the court with reference to the matter, after showing the filing of the exception and its trial, reads in part as follows:

"In view of the fact that counsel has entered a non suit the court rules that the exception[9] before the court as to the accounting, and to whether the receiver places this plaintiff on the schedule with the privilege asked for is fixed for trial on November 26, 1930. Bill reserved by counsel for defendant to the ruling of the court, and an exception is taken to the fixing of the case for trial on November 26th, since the fixing will cut the receiver off from filing any further motions that he may have and depriving him of his day in court."

For the purposes of this review the ex-

ception was not decided, and the defendant having answered and gone to trial on the merits without insisting upon a decision on the exception, has waived the same.

The defendant assigns for reasons why his exception of no cause or right of action should be sustained, that plaintiff did not obtain leave of court to sue the receiver; that plaintiff's action is a personal one against the receiver for a corporation debt; and that plaintiff's right of action is limited to a suit for recognition of his claim to be ranked and paid in due course.

It is not shown by the record that this exception was tried and decided. We must assume that it was not. The requirement that leave must be had before a receiver can be sued is for his protection, and may be waived by him by defending the suit without objection. The Supreme Court of Louisiana, in City of New Orleans v. New Orleans Savings Institution, 32 La. Ann. page 527, held:

"Want of permission from the Federal court, which appointed a Receiver, to bring suit against him in the State court, is waived by the appearance of counsel in his behalf, such appearance being an admission that the defendant has been regularly brought into court."

In the same case, High on Receivers, sec. 261, was quoted approvingly:

"A motion to dismiss an action brought against a receiver, upon the ground that leave of the court was not first had before beginning the action, is waived by the appearance of counsel for the receiver, such appearance being an admission that the defendant has been regularly brought into court. Want of permission, therefore, to bring the action cannot be urged as a ground for dismissal after such appearance on the part of the receiver."

We are not in a position to determine from the record that the objection was made in the trial court that leave had not been granted to sue the receiver. We are of the opinion, however, that the appearance for the purpose of filing the exception to the citation prior to making such objection, if made, waived defendant's right to except to the prosecution of this action without leave of court.

The second and third reasons assigned by the exceptor, we think, wholly without merit. It is not difficult to determine from a reading of the petition that the purpose of the suit is not to obtain a personal judgment against anyone, but as stated above, its purpose is to have the claim of plaintiff determined and his privilege recognized. The judgment as rendered serves that purpose, and is not enforceable, as defendant contends, by writ of fieri facias. The judgment can only be enforced in the usual course of administration of the receivership, under the direction and supervision of the court. The exception, if overruled, was properly overruled; if not, it is now overruled.

On the trial of the case no evidence was adduced by defendant to show that the plaintiff was not due the amount which he testified that he was due, that is, $838.94. The receiver, by his special defense as outlined above, admits the existence of the privilege. The sole question of fact to be determined is whether the defendant, who bears the burden of proof, has established by a preponderance of the evidence that the plaintiff agreed to relinquish his privilege on the amount due him in excess of $300 for the consideration above stated. The plaintiff testified positively that he did not so agree. The defendant testified, but not so positively, that he did so agree. There were no other witnesses to the alleged agreement. If both

witnesses be considered of equal credibility the plaintiff must prevail.

This court, in keeping with an established jurisprudence, is reluctant to disagree with the trial judge on a question of fact. In this case we see no reason to disagree with his findings.

For which reason the judgment appealed from is affirmed.